IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HEATHER A. MACDOUGALL**, <br><br> Plaintiff, <br><br> *v.* <br><br> **BRIAN RHULING, SR., et al.**, <br><br> Defendants. | **CIVIL ACTION** <br><br> **NO. 24-989-KSM** |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                                                           **June 10, 2024**

Plaintiff Heather A. MacDougall filed this civil action, raising claims based on her prior employment with and eventual termination from The Buck Hotel in Feasterville, Pennsylvania. She seeks leave to proceed *in forma pauperis*. (Doc. No. 8.) For the following reasons, the Court will grant MacDougall leave to proceed *in forma pauperis* and dismiss her claims without prejudice, allowing her leave to amend.

**I.      FACTUAL ALLEGATIONS**[1]

MacDougall's claims and allegations in this matter are scattered across multiple voluminous filings, none of which provide a clear narrative of the events at issue.

MacDougall first initiated this civil action on March 6, 2024 by filing 192 pages of miscellaneous and duplicative exhibits, several of which contain her handwritten notes. (Doc. No. 1.) This filing includes documents related to MacDougall's reports to the Newtown Township Police Department (*id.* at 8–14) and a charge of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") against her former employer, The Buck

---

[1] The Court adopts the pagination supplied to those filings by the CM/ECF docketing system.

Hotel (*see, e.g.*, *id.* at 15–44).  In her EEOC charge, MacDougall alleged, among other things, that her former employer wrongfully terminated her from her bartender position based on the false allegation that she provided free drinks to patrons; discriminated against her as a single mother; failed to take action against a stalker who was harassing her; was responsible for vandalism to her car; disqualified her from unemployment; defamed her; and caused numerous hardships for her and her family.  (*Id.* at 6–7, 21–22, 28–29, 79.)  She also claimed that Brian Rhuling Sr., the owner of The Buck Hotel, and his son, Brian Rhuling Jr., discriminated against her in various ways based on her gender (female), age (thirty-eight years old), disabilities ("chronic stress injury" and attention deficit hyperactivity disorder ("ADHD")), and genetic information/family history.  (*See, e.g.*, *id.* at 21–22, 28–29, 36–37, 79, 81.)

On March 9, 2024, three days after initiating this lawsuit, MacDougall filed additional documents, which were docketed as two separate Complaints.  (Doc. Nos. 3, 4.)  The first of these entries is a form complaint for a civil case that names two Defendants—Brian Rhuling Sr. and Brian Rhuling Jr.—and reflects MacDougall's intention to raise employment discrimination claims.[2]  (Doc. No. 3 at 1–3.)  MacDougall described the factual basis of her claims as follows:

> 1. Car Vandalism plus Cost for Tires & Windshield Wiper in Parking Lot. 2. Lost Shifts & Funds to Provide from Stalker Intrusion after refusing to remove. 3. Wrongful Termination causing Rental Payment Delay & problems with Landlord. 4. Disqualifying Unemployment causing more Landlord Issues, Emotional Distress & Custody Problems 5. Homeless July 2023 & Currently March 2024 6. Demotion(s) causing Income Loss 7. Inappropriate comments belittling my intelligence & [interfering] with income.

(*Id.* at 4.)  As to the relief she seeks, MacDougall set forth the following:

> 1. Car Vandalism Cost for Tires, Tow, Windshiled [sic] Wipers $1200.00 2. Stalker - Income Loss plus Mental Anguish

---

[2] While this form complaint lists "The Buck Hotel" in the caption, this entity was not named as a defendant in the portion of the complaint identifying the parties to this action.  (Doc. No. 3 at 1–3.)

2

> $22,000.00 3. Wrongful Termination plus Demotion $15,000.00 4. Famalia (Single Mother) Discrimination $17,000.00 5. POS Computer System Discrimination $1000.00 6. Disqualifying Unemployment $10,000.00 7. Issues with Landlord(s) $2750.00 8. Single Mother Hardship(s) & Custody Issues $5000.00 8. Dumb Blonde $1000.00 9. Pain & Suffering, Emotional Distress (Increased Therapy), Chronic Health Problems, Disability, Homeless, & Income Interference $24950.00

(*Id.*)

MacDougall's second docket entry is comprised of three different form complaints—a form complaint for employment discrimination, a form complaint for violation of the Fair Labor Standards Act ("FLSA"), and a form complaint for a negligence case. (Doc. No. 4.) Within those complaints, MacDougall indicates a desire to bring several claims against The Buck Hotel,[3] Brian Rhuling Sr., and Brian Rhuling Jr., including: (1) a claim under the Americans with Disabilities Act ("ADA"), in which she asserts she was discriminated against on the basis of her ADHD and chronic health problems (*id.* at 3–5); (2) a claim under the FLSA based on an alleged failure to pay her minimum wage, failure to provide pay stubs, and her termination, (Doc. No. 4-1 at 3–4); and (3) negligence claims based on an alleged refusal "to remove Stalker (Intruder) causing [her] mental anguish," the failure to "send PayStubs to prove loss of hours," and "Car Vandalism," (Doc. No. 4-4 at 3–4). In these form complaints, MacDougall appears to request the same relief identified above. (Doc. No. 4-5.)

Finally, on March 10, 2024, MacDougall filed two additional documents that were docketed as "Exhibits." (Doc. Nos. 5, 6.) The first "exhibit" is an email reflecting that MacDougall filed a complaint with the United States Department of Housing and Urban

---

[3] This document contains a similar issue to what was noted above. *See supra* at 2 n.2. Plaintiff's form complaints for employment discrimination and negligence list The Buck Hotel in the caption, but not in the portion of the complaint identifying the parties. (Doc. No. 4 at 1–2; Doc. No. 4-4 at 1–2.) Relatedly, the FLSA form complaint lists "Rhuling" in the caption but does not include Brian Rhuling Sr. or Brian Rhuling Jr. in the portion of the complaint identifying the parties. (Doc. No. 4-1.)

Development.  (Doc. No. 5.)  The second "exhibit" is an email showing that MacDougall has appealed the Pennsylvania Office of Open Records' response to a request she made under Pennsylvania's Right-to-Know Law.  (Doc. No. 6.)

In a March 12, 2024 Order, the Court directed MacDougall to either pay the fees to commence this lawsuit or, alternatively, file a motion for leave to proceed *in forma pauperis* if she could not afford to pay those fees.  (Doc. No. 7.)  She complied with that Order by filing the pending Motion for Leave to Proceed *In Forma Pauperis* on March 19, 2024.  (Doc. No. 8.)

## II.   STANDARD OF REVIEW

Because it appears that she is incapable of paying the fees to commence this civil action, the Court will grant MacDougall leave to proceed *in forma pauperis*.  (Doc. No. 8); *see* 28 U.S.C. § 1915(a)(1); *Chain v. Gross*, Civil Action No. 18-4610, 2018 WL 5631642, at *1 (E.D. Pa. Oct. 31, 2018) ("§ 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit.") (internal quotation marks and citations omitted).  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to review MacDougall's Complaint and dismiss it to the extent it fails to state a claim.  This analysis is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Muchler v. Greenwald*, 624 F. App'x 794, 797 (3d Cir. 2015).  Thus, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw all reasonable inferences in [the plaintiff's] favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible [] claim."

4

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (alterations accepted and internal quotation marks omitted) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As MacDougall is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with the pleading standards set forth in the Federal Rules of Civil Procedure. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). These rules state that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The complaint must contain a caption that includes the name of each party and present claims in numbered paragraphs. Fed. R. Civ. P. 10. It must also identify the relief sought and provide "a short and plain statement" of the grounds for the court's jurisdiction and the factual basis for each claim. Fed. R. Civ. P. 8(a); *Garrett*, 938 F.3d at 92–93. In determining whether a pleading meets this "short and plain statement" requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (internal citations omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93–94. The important

consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

Moreover, while the Court provides a liberal construction to complaints filed by self-represented litigants, we will not amalgamate documents to construct claims. *See Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (per curiam) ("[L]iberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings."). Relatedly, a complaint cannot state a claim by relying solely on exhibits absent factual allegations in the complaint that explain the basis for the plaintiff's claims against the defendant. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint. Judges are not like pigs, hunting for truffles buried in the record." (citations and internal quotation marks omitted)); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

## III.   DISCUSSION

MacDougall may not proceed on her claims at this time because she has failed to comply with the pleading requirements set forth in the Federal Rules of Civil Procedure.

MacDougall presented her claims by submitting a voluminous group of exhibits and several different form complaints across multiple filings, none of which clearly articulate the factual basis for her claims. Although it is apparent that MacDougall seeks to raise claims against The Buck Hotel, Brian Rhuling Sr., and Brian Rhuling Jr. based on her termination and other matters that occurred in connection with her employment at The Buck Hotel, the specific

contours of those claims, who she brings each claim against, and what each defendant is alleged to have done with regard to each claim is unclear, even under a liberal construction of MacDougall's submissions.  This is not an acceptable manner of pleading a claim in federal court.  *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations omitted)); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

      MacDougall's Complaints and submissions are so confusing, disjointed, and unclear that neither the Court nor Defendants could be expected to understand the complete nature or factual basis of her claims.  She has therefore failed to comply with Federal Rule of Civil Procedure 8. If MacDougall wishes to proceed with her case against The Buck Hotel, Brian Rhuling Sr., and Brian Rhuling Jr., she must file one comprehensive complaint containing a coherent articulation of facts set forth in numbered paragraphs explaining what each Defendant did or did not do that allegedly caused her injury, and an organized list of claims she intends to bring based on those events.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant MacDougall leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for failure to comply with Rule 8. MacDougall will be given leave to file an amended complaint in the event she can state a plausible claim without relying solely on exhibits.  An appropriate Order follows, which provides further instruction about amendment.